UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

COLTRANE LARSHAN PEARSON,

Petitioner,

v.

DAVE BAUGHMAN,

Respondent.

) Case No. CV 18-5065 CJC(JC)
)
)
)
) ORDER TO SHOW CAUSE WHY
) THIS ACTION SHOULD NOT BE
) DISMISSED AS TIME-BARRED
)
)
)
)

On May 26, 2018, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which was formally filed on June 7, 2018.[1] Petitioner challenges a judgment in Los Angeles County Superior Court Case No. BA397111 on multiple grounds. (Petition at 2, 5).

///

///

///

---

[1] See Houston v. Lack, 487 U.S. 266, 276, (1988). Petitioner signed the Petition on May 26, 2018. The Petition was contained within an envelope which bears initials and the date May 26, 2018 on the seal, essentially reflecting that petitioner provided such item to prison authorities for mailing on such date. The envelope is post-marked May 29, 2018, and the Petition was received and lodged by the Clerk on June 5, 2018.

1

Based upon the Petition and California state court records as to which the Court has taken judicial notice,[2] and for the reasons discussed below, the Court orders petitioner to show cause why the Petition should not be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition as all of his claims appear to have been raised on direct appeal and thus are based on facts known to him no later than the date his conviction became final. As there is no indication in the record that petitioner filed a petition for writ of certiorari with the United States

---

[2]The Court takes judicial notice of the dockets of the California Supreme Court and the California Court of Appeal, Second Appellate District ("Court of Appeal"), available via http://appellatecases.courtinfo.ca.gov, which (1) reflect that on September 23, 2014, the Court of Appeal affirmed the judgment in Los Angeles County Superior Court Case No. BA397111; (2) reflect that on December 10, 2014, in Case No. S222394, the California Supreme Court denied petitioner's petition for review; and (3) do not reflect that petitioner filed any other actions in such courts relative to the judgment in issue. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Supreme Court, petitioner's conviction became final on March 10, 2015 – ninety (90) days after the California Supreme Court denied review on direct appeal (on December 10, 2014) – when the time to file a petition for a writ of certiorari with the United States Supreme Court expired. See supra note 2; Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1)(A) includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States Supreme Court) (citation omitted). Therefore, the statute of limitations commenced to run on March 11, 2015, and absent tolling, expired on March 10, 2016 – more than two years before petitioner filed the instant Petition.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011). The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). The record does not reflect that petitioner either filed, or had pending any state habeas petition during the period in which the statute of limitations was running – March 11, 2015 to March 10, 2016 (or at any other time). Consequently, it does not appear that statutory tolling can render the Petition timely filed.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d

1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). To date, it does not appear from the Petition or the current record that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].").  Petitioner has thus far failed to identify any such "newly discovered evidence," let alone, provide new, reliable evidence to cast doubt on his conviction so as to permit the Court to consider his apparently otherwise time-barred claims.

4

For the reasons discussed above, 28 U.S.C. § 2244(d)(1) appears to bar this action.  Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **July 3, 2018**, why this action should not be dismissed as time-barred.  Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause.  All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal.  However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[3]

DATED:  June 13, 2018  _____/s/_____

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

Attachment

---

[3]The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters.  To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days.  See Local Rule 72-2.1.  To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.